Adeline M. Tinkham
vs. } No. 84425.
John M. Howard

March 26, 1932.

POULIOT, J. In the above entitled case, the jury returned a verdict for the defendant and plaintiff now moves that a new trial be granted.

This suit was brought on account of a collision between the automobiles of the plaintiff and the defendant at the intersection of Cole and Upton Avenues in the City of Providence, August 9, 1930. The day on which the collision occurred was a bright, clear day with a dry roadbed.

The plaintiff first looked when she was 15 feet away from Cole Avenue and could see 50 feet to her left. She saw nothing within that 50 feet. Then she proceeded up Upton Avenue to Sole Avenue, got into an intersection formed by the two streets, looked to her left again and saw this car "right in front of me" in the middle of Cole Avenue, travelling, as she said, at a high rate of speed.

Whether or not the defendant was negligent is not very important in this case as the evidence clearly indicates that the plaintiff's conduct was not without fault. She was required to take proper precautions for her own safety and to observe what traffic might be coming along Cole Avenue, not 15 feet away but at the time and at the point immediately before entering that street. She did not sustain the burden placed upon her by the law, of showing that she was free from negligence which contributed to this collision.

There is ample evidence in the case that she was guilty of such neglectful conduct and the jury's verdict was the only decision that it could return on the evidence.

Motion for new trial denied.

For plaintiff: Edward H. Ziegler.

For defendant: Boss, Shepard & McMahon.

Samuel Abrams
vs. } No. 4413.
Ralph Bijo, alias, and Isaac Bijo, alias d. b. a. Bijo Importing Co.

March 26, 1932.

POULIOT, J. After a jury had returned a verdict for the plaintiff in the sum of $142.34, defendants moved for a new trial on the usual grounds.

Plaintiff's evidence was to the effect that he had been induced by the defendants to leave a position he held in another store to work for the defendants; that the new occupation was to be permanent and at the agreed wage of $35 per week.

Defendants' evidence was that the plaintiff's engagement was only for the Christmas period and that thereafter the plaintiff did other work for which he was to be paid $10 a week. Defendants' bookkeeper testified to the same effect.

The plaintiff also brought in people who were customers at defendants' store and who testified as to the kind of work plaintiff was doing there.

It was clearly a question for the jury to pass upon and to determine the disputed facts. There is ample evidence to support the verdict and this Court is of the opinion that it should be sustained. Apparently the defendants are of the same opinion as they did not press their motion for a new trial.

Motion denied.

For plaintiff: Robert M. Dannin.

For defendants: A. Louis Greenberg.